1

2

3

4

5

6

7

8

9    **UNITED STATES DISTRICT COURT**

10   **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   ARIANNA MARINO,                          Case No. 25-cv-00503-BAS-DEB

13                          Plaintiff,

14        v.                                  **ORDER GRANTING IN PART AND
                                              DENYING IN PART DEFENDANT'S
15   AVEN FINANCIAL, INC.,                    MOTION TO DISMISS (ECF No. 14)**

16                          Defendant.

17

18        Presently before the Court is Defendant Aven Financial's motion to dismiss.  (ECF

19   No. 14.)  For the reasons discussed below, the Court **GRANTS IN PART AND DENIES**

20   **IN PART** Defendant's motion to dismiss.  (*Id*.)  The Court also **GRANTS** Plaintiff leave

21   to amend her claims for actual damages under 15 U.S.C. § 1681o(a)(2) and under Cal. Civ.

22   Code § 1785.31(a)(3), for statutory damages under Cal. Civ. Code § 1785.31(a)(2), and for

23   injunctive relief under Cal. Civ. Code § 1785.31(b).   Plaintiff may file an amended

24   complaint on or before **November 26, 2025**.

25   **I.     BACKGROUND**

26        Plaintiff Arianna Marino signed up for Defendant Aven Financial's application

27   "Aven Advisor: Credit Check App" to "monitor her credit score, track active subscriptions,

28   and receive various financial insights."  (ECF No. 13 ¶ 15.)  Aven's application offers a

Starbucks gift card to those who maintain a credit score above 800.  (*Id.* ¶ 16.)  On February 25, 2025, Plaintiff attempted to reclaim the Starbucks gift card, which resulted in Plaintiff receiving email notifications that Defendant had opened a new home equity loan on Plaintiff's behalf and had requested a credit report from Experian to do so.  (ECF No. 13 ¶ 19.)  Plaintiff alleges she did not apply for a home equity loan or authorize Defendant to apply for one on her behalf.  (ECF No. 13 ¶ 20.)  Defendant allegedly opened a home equity loan to back a credit card Plaintiff did not sign up for.  (ECF No. 13 ¶¶ 24, 36.)  Defendant disputes Plaintiff's allegation that she did not sign up for any of Defendant's credit card offerings.  (ECF No. 14-1 at 9:12–10:16.)  Defendant also disputes that Defendant had opened a home equity loan on Plaintiff's behalf, asserting instead, that Plaintiff had signed up for one of its credit card offerings not backed by home equity loans.  (*Id.*)

Plaintiff initiated this action against Defendant.  (ECF No. 1.)  Plaintiff later amended her Complaint ("FAC").  (ECF No. 13.)  Plaintiff alleges causes of action for: (1) Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq*, ("FCRA"), and (2) Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, *et. seq*. ("CCRAA").  (*Id.*)  Defendant moved to dismiss the FAC on grounds that Plaintiff's claims lacked Article III standing.  (ECF No. 14.)  More specifically, Defendant sought to dismiss Plaintiff's claims on grounds that: (1) Plaintiff has not pled concrete injury sufficient to establish standing for her FCRA claim, and (2) Plaintiff has not pled damages to establish standing for her FCRA and CCRAA claims.  (*Id.*)  The Court finds the matter appropriate to rule on the papers and without oral argument.  *See* CivLR 7.1.d.1.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss based on the court's lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."  *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983).  Article III requires that: "(1) at least one named plaintiff suffered an injury in fact; (2) the injury is fairly traceable to the challenged

conduct; and (3) the injury is likely to be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (quotation marks and citation omitted). Plaintiff has the burden of establishing that the court has subject matter jurisdiction over an action. *Ass'n of Med. Colls. v. U.S.*, 217 F.3d 770, 778–79 (9th Cir. 2000). "For purposes of ruling on a motion to dismiss for want of standing, both the trial judge and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). "At the pleadings stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss, we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (citation and internal quotation marks omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Ordinarily, for purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. ANALYSIS

### A. Fed. R. Civ. P. 12(b)(1)

#### 1. Whether Plaintiff Pled Concrete Injury Sufficient for FCRA Violation

The Ninth Circuit adopted a two-step "*Spokeo III*" framework to determine whether alleged violations of FCRA provisions are sufficiently concrete to confer Article III standing: "(1) whether the statutory provisions at issue were established to protect [a plaintiff's] concrete interests ([establishing substantive rather than] purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022) (citing *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017) ("*Spokeo III*") (adopting the standard set forth in *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2nd Cir. 2016))). A violation of a substantive right invariably "offends the interests that the statute protects." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 490 (9th Cir. 2019) (citing *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017)).

### i.    Whether Statutory Provisions Protect Concrete Interests

The Ninth Circuit has determined that, for 15 U.S.C. § 1681b(f) ("§ 1681b(f)") in particular, Plaintiff needs only to allege that a third party has obtained her credit report for a purpose not authorized by FCRA, regardless of whether the credit report is published or otherwise used by that third-party. *Nayab*, 942 F.3d at 493 (9th Cir. 2019). "Obtaining a credit report for a purpose not authorized under FCRA violates a *substantive* provision of FCRA." *Rendon v. Cherry Creek Mortg., LLC*, No. 22-CV-01194-DMS-MSB, 2022 WL 17824003, at *3 (S.D. Cal. Dec. 20, 2022) (citing *Nayab*, 942 F.3d at 492). In addition to finding that obtaining a credit report for a purpose not authorized under FCRA violates a *substantive* provision of FCRA, Ninth Circuit reasoned that the interests protected by § 1681b(f) are not "purely procedural" because the statutory provision: (1) safeguards the right to privacy in one's consumer credit report, and (2) aims to protect "the same harm that forms the basis" for the traditionally recognized tort, "intrusion upon seclusion." *Id.* at 492. Thus, under the first part of the *Spokeo III* framework, "the statutory provisions at issue were established to protect [a plaintiff's] concrete interests"—not just procedural interests. *Tailford*, 26 F.4th at 1099. It follows that, if Defendant violated § 1681b(f), such

- 4 -

violation would constitute a concrete injury sufficient for Article III standing under *Spokeo III*.

### ii.   Whether Alleged Violations Establish Harm

"Privacy interests protected by § 1681b(f)(1) are harmed when a credit report is obtained for a purpose not authorized under FCRA." *Rendon v. Cherry Creek Mortg., LLC*, No. 22-CV-01194-DMS-MSB, 2022 WL 17824003, at *3 (S.D. Cal. Dec. 20, 2022) (emphasis added). Again, under the *Spokeo III* framework, the Ninth Circuit determined the plaintiff can allege harm if she could sufficiently allege a § 1681b(f) violation—since § 1681b(f) protects concrete, substantive privacy interests. *Nayab*, 942 F.3d at 493. To survive a motion to dismiss under Rule 12(b)(6), Plaintiff only needs to allege facts giving rise to a "reasonable inference" that Defendant obtained her credit report for a purpose not authorized by FCRA. *Id.* at 490.

§ 1681b(f)(1) provides: "A person shall not use or obtain a consumer report for any purpose unless…the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681b(a)(3)(A) ("§ 1681b(a)(3)(A)") provides that an authorized use for obtaining consumer reports is "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."

Crucially, according to § 1681b(a)(3)(A), the credit transaction must "involve" Plaintiff—"the consumer on whom information is to be furnished."[1] According to the Ninth Circuit, "a person is 'involved' in a credit transaction for purposes of

---

[1] Though there are circumstances in which defendants can demonstrate an authorized purpose to access plaintiffs' credit reports without plaintiff's initiation, such as the collection of credit card debt or in circumstances listed by 15 U.S.C. § 1681a(m) and 15 U.S.C. § 1681b(c), those circumstances are not applicable here. *See e.g.*, *Hennessey v. Radius Glob. Sols. LLC*, No. 3:24-CV-05654-DGE, 2024 WL 5119824, at *5 (W.D. Wash. Dec. 16, 2024) (collection of credit card debt is a permissible purpose under § 1681a(m)); *Abbink v. Experian Info. Sols., Inc.*, No. SACV191257JFWPJWX, 2020 WL 401107, at *3 (C.D. Cal. Jan. 23, 2020) (a consumer reporting agency furnishing a credit report to a creditor in connection with a firm offer of credit is a permissible purpose under 15 U.S.C. § 1681b(c)(1)(B)(i)).

25cv503

§ 1681b(a)(3)(A) where she is 'draw[n] in as a participant' in the transaction, but not where she is 'oblige[d] to become associated' with the transaction." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 675 (9th Cir. 2010). The *Pintos* court then held that, because the plaintiff "did not initiate the transaction that resulted in [the defendant] requesting her credit report," the defendant did not have authorized access to plaintiff's credit report under § 1681b(a)(3)(A). *Id.* (holding against authorized use where defendant sought a line of credit on plaintiff's behalf to cover the costs of towing her vehicle because: (1) plaintiff did not initiate defendant towing her car, and (2) plaintiff did not initiate opening a line of credit to satisfy debts to defendant). Defendant carries the "burden of pleading it had an authorized purpose to acquire [Plaintiff's] credit report." *Nayab*, 942 F.3d at 495. More specifically, Defendant must demonstrate that it had authorization to access Plaintiff's credit report based on a FCRA exception. *Id.*

Defendant alleges that "Plaintiff had already given Aven access to her credit score and credit information in order to use the App for credit monitoring and to take advantage of offers dependent on Aven accessing her credit score." (ECF No. 14-1 at 15:9–11.) Defendant also alleges Plaintiff had selected an option to simultaneously reclaim a Starbucks reward and a credit card from Defendant—contrary to Plaintiff's assertion that Plaintiff only intended to sign up for a Starbucks reward and not a credit card. Because the Court is bound to the factual allegations in Plaintiff's FAC under Rule 12(b)(6), the Court considers whether Plaintiff signing up for the Starbucks reward—which allegedly resulted in Defendant requesting credit reports to open a credit line on behalf of Plaintiff—is enough to constitute an authorized use under FCRA. *See Chase v. Hobby Lobby Stores, Inc.*, No. 17-CV-00881-GPC-BLM, 2017 WL 4358146, at *3 (S.D. Cal. Oct. 2, 2017) (rejecting Defendant's allegations where they "go beyond the scope of the Complaint" and "introduce new evidence when the Court must, at the motion to dismiss stage, accept the facts pleaded in the Complaint as true") (citing *Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 n.19).

25cv503

Though Plaintiff signed up for Defendant's credit monitoring service and did sign up for a Starbucks reward offered by Defendant's app, "the requirement that the consumer initiate the transaction is not satisfied simply because the consumer did something that arguably led to the creditor's claim." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 675 (9th Cir. 2010). In contrast to Plaintiff's authorization for Defendant to access her reports for credit monitoring, Plaintiff alleges she did not "authorize Defendant to access Plaintiff's credit report for the purpose of any extension of credit"—including the home equity loan that Defendant allegedly applied for on her behalf. (ECF No. 13 ¶¶ 15, 26.)

It is a more complicated issue whether Plaintiff signing up for the Starbucks reward offered by Defendant means she also initiated the transaction resulting in Defendant requesting her credit report for the alleged purpose of signing up for a home equity loan. On the one hand, Plaintiff signing up the Starbucks gift card triggered Defendant starting to apply for a home equity loan on Plaintiff's behalf—even if that trigger was due to a technical error in Defendant's app as Plaintiff alleges. (ECF No. 13 ¶¶ 30–31.) On the other hand, Plaintiff "never asked" Defendant to open a line of credit on her behalf and according to Plaintiff, she was "obliged to become associated" with the home equity loan application when signing up for an allegedly separate Starbucks gift card. *Pintos*, 605 F.3d at 674–75. The Court follows the latter interpretation at this time, since the Court must draw all reasonable inferences in favor of the Plaintiff at the motion to dismiss stage. *See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Under the second part of the *Spokeo III* framework, therefore, Plaintiff has sufficiently alleged that Defendant has violated FCRA such that those violation "actually harm, or present a material risk of harm to, [Plaintiff's privacy] interests." *Tailford*, 26 F.4th at 1099. Thus, Plaintiff has sufficiently alleged concrete injury under FCRA.

### 2. Whether Plaintiff Pled Concrete Injury Sufficient for CCRAA Violation

Plaintiff also alleges a claim under CCRAA, Cal. Civ. Code § 1785.1 et seq. (ECF No. 13 ¶¶ 81–85.) Because "[t]he CCRAA mirrors the provisions of FCRA," CCRAA is

1  also a statute aimed at protecting Plaintiff's substantive privacy interests, and, Plaintiff has

2  also plausibly demonstrated that Defendant willfully violated CCRAA.  *See Adler v.*

3  *DirecTV, LLC*, No. CV181665DMGPJWX, 2018 WL 6981838, at *5 (C.D. Cal. Oct. 24,

4  2018) (*citing Guimond*, 45 F.3d at 1335).  Therefore, for purposes of Rule 12(b)(1), the

5  Court also finds that Plaintiff has Article III standing to pursue her CCRAA claims under

6  the *Spokeo III* framework.  *Robins*, 867 F.3d at 1113.

7                                                                    * * *

8        For the reasons above, the Court finds that it has jurisdiction to rule on Plaintiff's

9  FCRA and CCRAA claims and **DENIES** Defendant's motion to dismiss them for lack of

10  standing under Rule 12(b)(1).

11        **B.    12(b)(6)**

12        Plaintiff's FAC seeks actual damages under 15 U.S.C. § 1681o(a)(1) for Defendant's

13  alleged access to Plaintiff's credit report without a permissible purpose in violation of §

14  1681b(f).  (ECF No. 13 ¶¶ 79–80.)  Plaintiff also seeks actual damages for violation of

15  CCRAA under Cal. Civ. Code § 1785.31(a)(3).  (ECF No. 13 ¶ 85.)  Plaintiff further seeks

16  statutory damages under § 1681n(a)(1)(A) and under Civ. Code § 1785.31(a); and for

17  injunctive relief under Cal. Civ. Code § 1785.31(b).  (ECF No. 13 ¶¶ 55, 80.)  In this

18  section, the Court evaluates whether Plaintiff's allegations for damages under FCRA and

19  CCRAA meet the pleading standards in Rule 12(b)(6).

20        **1.    Actual Damages**

21        Unlike statutory or punitive damages under either FCRA or CCRAA, proving actual

22  damages for negligent and willful violations of FCRA (ECF No. 13 ¶¶ 79–80) and of

23  CCRAA requires Plaintiff to show she suffered actual damages as a result of Defendant's

24  violative conduct.  *See* 15 U.S.C. § 1681o(a)(1); Cal. Civ. Code § 1785.31(a).

25        In the FAC, Plaintiff seeks actual damages under 15 U.S.C. § 1681o(a)(1) and Cal.

26  Civ. Code § 1785.31(a).  (ECF No. 13 ¶¶ 55, 79.)  Plaintiff alleges harms in the form of:

27  (1) decreased credit score (ECF No. 13 ¶ 52); (2) emotional distress (ECF No. 13 ¶¶ 53–

28  54); (3) loss of time associated with the litigation (ECF No. 13 ¶ 54); (4) attorney's fees

(ECF No. 13 ¶ 54).  In its motion to dismiss, Defendant contends that Plaintiff's harms—construed by Defendant as "decreased credit score", "emotional distress," and "expenses related to her claim, including attorney fees and 'waste[d] time' reviewing her credit reports"—are too "vague and conclusory" to establish actual damages.  (ECF No. 14-1 at 17–23.)  Plaintiff responded that "Plaintiff and the Class [Members] do not seek relief for any personal harm."  (ECF No. 17 at 14:24.)  Instead, Plaintiff seeks "uniform statutory damages and injunctive relief."  (*Id*. at 17:6.)  Defendant replied that, by failing to directly address Defendant's contentions regarding actual damages in the motion to dismiss, Plaintiff waived its claims for actual damages.  (ECF No. 18 at 5:15–6:17.)

The Court has not yet decided on whether to certify Plaintiff's class, and refrains from doing so, or ruling on other class-wide issues, at this stage of litigation.  *See e.g., Mirkarimi v. Nevada Property 1 LLC,* 2013 WL 3761530 (S.D. Cal. July 15, 2013) (declining to adjudicate class certification issues at the motion to dismiss stage).  So, by pleading that her factual allegations are merely "contextual" to substantiate broader class claims for damages, and, expressly stating that she does not seek actual damages, Plaintiff has waived her individual claims for actual damages.  More specifically, the Court agrees with Defendant that Plaintiff has waived its claims for actual damages under 15 U.S.C. § 1681o(a)(1) (FCRA actual damages provision) and Cal. Civ. Code § 1785.31(a)(3) (CCRAA actual damages provision).

In sum, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims for actual damages under FCRA (specifically, under 15 U.S.C. § 1681o(a)(1)) and CCRAA (specifically, under Cal. Civ. Code § 1785.31(a)(3)).  (ECF No. 14-1 at 16:19–17:3.)

### 2.   Statutory Damages under 15 U.S.C. § 1681n(a)(1)(A)

To prove a claim for statutory damages under 15 U.S.C. § 1681n(a)(1)(A) ("§ 1681n(a)(1)(A)"), Plaintiff needs to show Defendant had "willfully fail[ed] to comply with" the requirements set forth in § 1681b(f).  Willfulness need not be pleaded with particularity.  *See* Fed. R. Civ. P. 9(b); *Ballard v. P. Logistics Corp*., 2019 WL 1425007, at *3 (C.D. Cal. Feb. 25, 2019).

1    Under FCRA, to show that a violation was willful, a plaintiff must show that the

2    defendant either knowingly violated the Act or recklessly disregarded the Act's

3    requirements. *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 672 (9th Cir. 2020)

4    (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007)). Recklessness is "action

5    entailing an unjustifiably high risk of harm that is either known or so obvious that it should

6    be known." *Safeco*, 551 U.S. at 69. To show that a defendant recklessly disregarded the

7    Act's requirements, a plaintiff must show that the defendant "ran a risk of violating the law

8    substantially greater than the risk associated with a reading [of the Act] that was merely

9    careless." *Id.*

10    One way to show that a defendant acted recklessly is by establishing that it adopted

11    an interpretation of FCRA that conflicts with "legal rules that were 'clearly established' at

12    the time." *See Safeco*, 551 U.S. at 70. To determine whether the defendant acted

13    "willfully," the *Safeco* Court considered whether the defendant's interpretation of FCRA

14    "ha[d] a foundation in the statutory text" and whether the defendant had "guidance from

15    the courts of appeals…that might have warned it away from the view it took." *Marchioli*

16    *v. Pre-Employ.com, Inc.*, No. EDCV162305JGBDTBX, 2017 WL 2130294, at *9 (C.D.

17    Cal. Jan. 25, 2017) (citing *Safeco*, 551 U.S. at 69–70). "A lack of guidance, however, does

18    not itself render [a defendant's] interpretation reasonable." *See Syed*, 853 F.3d at 504.

19    Rather, when a statutory provision is unambiguous and a plaintiff alleges that a defendant

20    violated it, the defendant "act[s] in reckless disregard of the statutory language, and

21    therefore willfully," regardless of whether courts have "clearly established" that the

22    defendant's interpretation is erroneous. *Id.* at 506.

23    Here, the Court has already found that Plaintiff sufficiently alleged that Defendants

24    violated FCRA to establish standing on an individual basis. *See supra* § III.A.2. For the

25    same reasons the Court finds Defendant likely violated FCRA, Defendant's interpretation

26    of FCRA as allowing it to seek a home equity loan on behalf of Plaintiff does not "have a

27    foundation in the statutory text" and is not rooted in "guidance from the courts of appeals."

28    *Marchioli v. Pre-Employ.com, Inc.*, No. EDCV162305JGBDTBX, 2017 WL 2130294, at

- 10 -

1  *9 (C.D. Cal. Jan. 25, 2017) (citing *Safeco*, 551 U.S. at 69–70). *See supra* § III.A.2. The

2  Court, therefore, finds Defendant's likely violation of FCRA to be "willful." Further

3  supporting the Court's finding that Defendant's FCRA violation was "willful," Defendant

4  allegedly failed to fulfill Plaintiff's multiple requests to cancel the sign-up process for a

5  credit card based on home equity loans, despite representing otherwise. (ECF No. 13 ¶¶

6  25–39.)

7    Further, "the plain language of 15 U.S.C. § 1681n(a)(1)(A), clearly and plainly

8  provides for statutory damages without the need to prove or allege actual harm." *See*

9  *Sciaretta v. Yard House Restaurants, LLC*, No. 07CV1212 WQH (NLS), 2007 WL

10  9776769, at *5 (S.D. Cal. Nov. 21, 2007) (citing *Arcilla*, 488 F. Supp. 2d at 973–74 (FCRA

11  "clearly provides" for statutory damages even without actual harm).

12    Thus, the Court **DENIES** Defendant's motion to dismiss Plaintiff's individual

13  claims for statutory damages under FCRA (specifically, under § 1681n(a)(1)(A)).

14    **3.    Statutory Damages and Injunctive Relief under Cal. Civ. Code §§**

15    **1785.31(a) and 1785.31(b)**

16    Defendant does not specifically address Plaintiff's individual claim for statutory

17  damages under Cal. Civ. Code § 1785.31(a)(2)(B) (*see* ECF No. 13 at 16:4), or for

18  injunctive relief under Cal. Civ. Code § 1785.31(b)[2] (*see* ECF No. 13 at 16), but does move

19  to dismiss all of Plaintiff's CCRAA claims on the grounds that "[a]ctual damage is required

20  to state a claim under the CCRAA." (ECF No. 14-1 at 18:23–19:23.)

21    First, the California Court of Appeals has held that CCRAA, unlike FCRA, requires

22  a showing of actual harm even where, as here, the plaintiff seeks statutory damages under

23  section 1785.31(a)(2)(B). *See Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 424–25

24  (N.D. Cal. 2014) (citing *Trujillo v. First American Registry, Inc.*, 157 Cal.App.4th 628,

25  637–38, 68 Cal.Rptr.3d 732 (2008)). The federal courts are bound by decisions of the

26  California Court of Appeals on questions of California law "unless there is convincing

27

28

---

[2] Plaintiff does not seek injunctive relief under FCRA.

25cv503

1  evidence that the California Supreme Court would decide the matter differently." *Id*. Here,

2  Plaintiff seeks statutory damages under Cal. Civ. Code § 1785.31(a)(2)(B).  (ECF No. 13

3  at 16:4.)  Defendant alleges that since Plaintiff has failed to allege actual damages, Plaintiff

4  is not entitled to statutory damages under CCRAA (ECF Nos. 14 at 2:9–15, 14-1 at 18:23–

5  19:23.)

6      Second, the CCRAA provides that "[i]njunctive relief shall be available to any

7  consumer aggrieved by a violation or a threatened violation of this title whether or not the

8  consumer seeks any other remedy under this section." Cal. Civ. Code § 1785.31(b).  This

9  would appear not to require actual damages.  *Poinsignon v. Imperva, Inc.*, No. 17-CV-

10  05653-EMC, 2018 WL 1709942, at *4 n. 2 (N.D. Cal. Apr. 9, 2018).  However, the

11  California Court of Appeal has conditioned injunctive relief under § 1785.31(b), at least

12  for plaintiffs "uninjured by violations that have already occurred" (as opposed to threatened

13  violations), on a showing of actual damages. *See Trujillo v. First Am. Registry, Inc.*, 157

14  Cal.App.4th 628, 637-38 (2007); *see also Abdelfattah v. Carrington Mortg. Servs. LLC*,

15  No. C-12-04656-RMW, 2013 WL 5718463, at *2 (N.D. Cal. Oct. 21, 2013) (applying

16  *Trujillo* to require actual damages for injunctive relief).

17      Since Plaintiff has not adequately alleged actual harm (*see* § III.B.2), the Court

18  **GRANTS** Defendant's motion to dismiss Plaintiff's CCRAA claims for statutory damages

19  and for injunctive relief.

20  **IV.   LEAVE TO AMEND**

21      The Court **GRANTS** Plaintiff leave to amend her claims for actual damages under

22  15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(3), for statutory damages under Cal.

23  Civ. Code § 1785.31(a)(2), and for injunctive relief under Cal. Civ. Code § 1785.31(b).

24  **V.   CONCLUSION**

25      For the reasons discussed herein, the Court **GRANTS IN PART AND DENIES IN**

26  **PART** Defendant's motion to dismiss.  (ECF No. 14.)  More specifically, the Court denies

27  Defendant's motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction,

28  pursuant to Rule 12(b)(1); and Plaintiff's claims for statutory damages under 15 U.S.C. §

1681n(a)(1)(A), pursuant to Rule 12(b)(6).  (*Id.*)  However, pursuant to Rule 12(b)(6), the Court grants Defendant's motion to dismiss Plaintiff's claims for actual damages under 15 U.S.C. § 1681(o)(a)(1) and Cal. Civ. Code § 1785.31(a)(3), and Plaintiff's claims for statutory damages and under Cal. Civ. Code § 1785.31(a), pursuant to Rule 12(b)(6).  (*Id.*)

The Court **GRANTS** Plaintiff leave to amend her claims for actual damages under 15 U.S.C. § 1681o(a)(2) and under Cal. Civ. Code § 1785.31(a)(3), for statutory damages under Cal. Civ. Code § 1785.31(a)(2), and for injunctive relief under Cal. Civ. Code § 1785.31(b).  Plaintiff may file an amended complaint on or before **November 26, 2025**.

**IT IS SO ORDERED.**

**DATED: November 5, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

25cv503